IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CINTHIA GEYER  :
5581 Nelson Street  :
Cypress, CA 90630  :
:
      Plaintiff  :
:
v.  :
:
THE PRUDENTIAL INSURANCE  :
COMPANY OF AMERICA  :
1936 Cottman Avenue  :
Philadelphia, PA 19111  :
:
      Defendant  : NO.:

## **COMPLAINT**

NOW COMES, the Plaintiff, Cinthia Geyer, by and through her Counsel, The Slocum Law Firm, and hereby complains of the above referenced Defendant, The Prudential Insurance Company of America (hereinafter referred to as " Prudential"), as follows:

**I.  STATEMENT OF JURISDICTION:**

1. Jurisdiction is conferred upon this Honorable Court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1332(e).  This Honorable Court has jurisdiction over all issues raising a federal question and this instant matter involves a disability policy issued to the Claimant through her Employer, thus it is governed by the Employee Retirement Income Security Act of 1974 (ERISA) 29 U.S.C. § 1011, et seq.

## II. VENUE:

2. Venue is proper in this jurisdiction as all actions and occurrences which give rise to the instant action occurred within the jurisdictional boundaries of this Honorable Court. Specifically, under the ERISA statute, venue is proper "in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. §1132(e)(2): the breach that give rise to this action occurred within the jurisdictional boundaries of this Honorable Court as the Defendant, Prudential reviewed and made the determination to deny the Plaintiff's benefits through its Disability Management Services office located in Philadelphia, PA.

## III. FACTS:

3. The Plaintiff, Cinthia Geyer, is an adult and competent individual with a physical address of 5581 Nelston Street, Cypress, CA 90630.

4. The Defendant, Prudential, under information and belief, is a business entity with an address located at 1936 Cottman Avenue, Philadelphia, PA 19111 and a corporate headquarters located at 751 Broad Street, Newark, NJ 07102, but with an office designated for disability management services located in Philadelphia, PA.

5. Prudential is a business entity which issues disability insurance policies which are governed by the Employee Retirement Insurance Security Act

(ERISA), 29 U.S.C. §1011, et seq.

6. On a date certain, Prudential issued a plan for disability insurance benefits the Plaintiff through her employer, Easter Seals.

7. The policy of insurance aforementioned provided for an employee benefit plan as defined and covered under the terms of ERISA.

8. At all times material and relevant hereto, all policy premiums due on behalf of the Plaintiff under said policy were paid.

9. At all times material and relevant hereto, the Plaintiff performed all obligations required of her under said plan for Long Term Disability Benefits.

10. At all times material and relevant hereto, the Plaintiff was a qualified participant in the employee benefit plan provided by Prudential to the Plaintiff's employer.

11. On a date certain, the Plaintiff filed an application for long term disability benefits with Prudential when she ceased working as a Life Skills Coach.

12. The Plaintiff filed an administrative appeal and submitted additional medical records and opinions of her treating doctors in support of her claim.

13. By correspondence February 21, 2023, Prudential denied the Plaintiff's administrative appeal and informed her of her right to bring a civil action disputing the adverse benefit decision.

14. Prudential acted arbitrarily, capriciously and in a manner serving

only its own business interest when it denied the Plaintiff's claim for disability benefits.

15. The actions of Prudential in denying the Plaintiff's claim for disability insurance benefits was arbitrary, capricious and was not made in good faith and made in violation of 29 U.S.C. §1001, et seq.

16. The actions of Prudential in denying the Plaintiff's claim for disability insurance benefits are contrary to the language of the policy in question.

17. The Plaintiff is entitled to disability insurance benefits under the aforementioned policy as she has satisfied through medical evidence that she meets the definition of disability under the policy of insurance.

18. The Plaintiff is entitled to recover the benefits due to her under the aforementioned insurance policy in accordance with 29 U.S.C. §1132.

19. As a direct and proximate result of the actions of Prudential as herein above more particularly described, the Plaintiff has been caused to incur attorneys' fees in an amount not yet known.

20. As a direct and proximate result of the actions of Prudential, the Plaintiff has sustained damages in an amount not yet known to the Plaintiff; however, upon information and belief, such damages will approximate the amount of benefits due and owing to the Plaintiff from January 10, 2022 and continuing into the future.

WHEREFORE, the Plaintiff, Cinthia Geyer, respectfully requests that judgment be entered against Prudential as follows:

1. Ordering Prudential to pay to the Plaintiff, Cinthia Geyer, all long term disability insurance benefits due and owing to her from January 10, 2022 and continuing into the future;

2. Awarding the Plaintiff, Cinthia Geyer, interest on the award until the date of judgment;

3. Awarding the Plaintiff's attorney's fees, court costs and other reasonable costs incurred for the prosecution of the instant action;

4. Granting such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED,

BY: /s/ Michael J. Parker
Michael J. Parker
PA Bar Id. No.: 93024

THE SLOCUM LAW FIRM
600 Jefferson Avenue
Scranton, PA 18510
(570)209-7376
mparker@theslocumfirm.com